CHERNOW KAPUSTIN, LLC
By:      Steven Kapustin, Esquire
721 Dresher Road, Suite 1100
Horsham, PA  19044
215-659-3600 Voice
215-659-3222 Facsimile

GOLDBERG, MEANIX, McCALLIN & MUTH
By:  Martin P. Manco, Esquire
135 West Market Street
West Chester, PA  19382
(610) 436-6220 (x125)
(610) 436-0628 Facsimile

*Attorneys for Plaintiff,*
*Patriot Buick GMC, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRIOT BUICK GMC, INC.<br>933 East Philadelphia Avenue<br>Boyertown, PA  19512 | : <br> : <br> : <br> : |
| vs. | : <br> : |
| CULTRAG PERFORMANCE INC.<br>3115 St. Lawrence Avenue – Suite 3918<br>Reading, PA  19606 | : <br> : Civil Action No.<br> : <br> : **COMPLAINT** |
| EUGENE D. CULLEY<br>9 Sagebrook Drive<br>Reading, PA  19606 | : <br> : <br> : <br> : |
| PATRICK TRAGESER<br>1021 Maiden Creek Road<br>Fleetwood, PA  19522 | : <br> : <br> : |

Patrick Buick GMC, Inc. ("Patriot") complains against Cultrag Performance Inc.

("Cultrag"), Eugene D. Culley ("Culley"), and Patrick Trageser ("Trageser")) as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Patriot is a Pennsylvania corporation organized and existing under the laws of the State of Pennsylvania, a citizen of the State of Pennsylvania, with its principal place of business in Boyertown, Pennsylvania.

2.      Cultrag is a Pennsylvania corporation organized and existing under the laws of the Commonwealth of Pennsylvania, a citizen of the State of Pennsylvania, with a business address at 3115 St. Lawrence Avenue, Suite 3918, Reading, Pennsylvania 19606.

3.      Culley is a citizen of the State of Pennsylvania, residing at 9 Sagebrook Avenue, Reading, Pennsylvania 19606.

4.      Trageser is a citizen of the State of Pennsylvania, residing at 1021 Maiden Creek Road, Fleetwood, Pennsylvania 19522.

5.      This Court has subject matter jurisdiction over Patriot's claims against these Defendants pursuant to 28 U.S.C. §§1331 and 1338, 15 U.S.C. §1121 (The Lanham Act) 18 U.S.C. 1030(g) (The Computer Fraud and Abuse Act) and, with respect to certain claims, 28 U.S.C. §1367.

6.      This Court has personal jurisdiction over the Defendants in that they are located in and do business in this district.

7.      Venue is proper in this District because all of the offending acts occurred within this District.

### The GMPartshouse Marks

8.      Patriot is the owner and has the right to license the use of various trade names and service marks relating to GM Parts House and GMPartshouse (which are either on the principal register of the United States Patent and Trademark Office or are protected as common law

2

trademarks), the logos and derivations thereof (the "GMPartshouse Marks"), which relate to the establishment, development, and operation of an online sales website for General Motors parts.

9.      Patriot has continuously used the GMPartshouse Marks since the date of their registration or the date of their acquisition, and to the extent these marks are registered, these marks are in full force and effect pursuant to 15 U.S.C. § 1065.

10.     Patriot has given notice to the public of the registration of those Marks that are registered as provided in 15 U.S.C. § 1111.

11.     Patriot markets and provides services relating to online GM parts sales utilizing the GMPartshouse Marks to promote the GMPartshouse brand name.

12.     Substantial effort and capital has been invested over a long period of time to develop goodwill in the trade names and service marks to cause consumers to recognize the GMPartshouse Marks as distinctly designating GMPartshouse online GM parts sales services as originating with Patriot, and the value of Patriot's goodwill is substantial.

13.     The GMPartshouse Marks are famous in the United States.

**Facts Common to All Counts**

14.     Patriot repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 13 of this Complaint.

15.     Patriot is a franchisee of General Motors Corporation and is authorized to use the trademarks of General Motors Corporation including the phrase "GM".

16.     As a franchisee of General Motors Corporation, Patriot sells GM parts both at its retail facility and via an online presence.

17.     Patriot acquired the assets of Lankford Buick ("Lankford") in 2009 and continued the use of the name GM Parts House and GMPartshouse.com , in the same manner that Lankford

3

did, augmenting and improving the website over the years.

18.      In 2009, in the course of its business as a GM franchisee, Patriot hired Defendant Culley who had been an employee of Lankford, which, as noted above, was closing.

19.      While at Lankford, as an employee of Lankford, Culley ran the website for Lankford where GM parts were sold, under the domain name gmpartshouse.com.

20.      Patriot hired Culley as an employee to effectuate sales through the website just as he had as an employee of Lankford

21.      Lankford sold parts on this website with the authority to use the GM Mark in accordance with its franchise agreement with General Motors Corporation.

22.      Culley, as an agent of Lankford, obtained the domain name for GM Partshouse.

23.      At all times, Lankford operated and maintained the website, with all parts being sold through the website being purchased by Lankford and all revenue from the website owing to Lankford.

24.      When Culley left the employ of Lankford and became an employee of Patriot, Patriot assigned Trageser to work with him; they operated the GMPartshouse website as employees of Patriot, with Patriot paying all expenses relating to the operation of the website including payments for the website itself, for its computers, for its telephone equipment and telephone usage, for parts inventory, the salaries of Culley and Trageser, and the salaries of other employees.

25.      Culley and Trageser were at all times salaried (W-2) employees, with their compensation determined by the amount of internet parts sales.

26.      Culley or Trageser never did business as GMPartshouse.com; at all times they were either employees of Lankford or employees of Patriot.

4

27.     In October 2014, Culley was fired and Trageser left the employ of Patriot after:

(a)     Culley desecrated the premises of Patriot by publicly urinating over its property and other wise destroying it;

(b)     they removed Patriot's computers containing Patriot's and General Motors confidential information;

(c)     they removed Patriot's Vonage equipment which services its telephone lines;

(d)     they removed confidential Patriot customer information, including customer lists and customer preferences.

28.     Simultaneously or before leaving the employ of Patriot, Defendants Culley and Trageser formed a corporation known as Defendant Cultrag, and began operating a business through the website with the domain name www.gmpartshouse.com which had been previously operated by Lankford and then operated by Patriot.

29.     Culley and Trageser have caused the viewers of the website gmpartshouse.com to be directed to a website for Cultrag.

30.     Defendants are not only wrongfully using the website www.gmpartshouse.com by using the trademarks of both GM and Patriot to be directed to the Cultrag website but misrepresent their affiliations on the website and on the internet as follows:

(a) Defendants state "The majority of our customers and friends know us (emphasis added) as using the name GM Parts House as a DBA since 2006 through various GM dealerships until October 2014"; Defendants did not use the name GM Partshouse, Patriot did; Defendants were never entitled to use the name; Patriot has the rights to the name.

5

(b) Defendants state "The majority of our existing customers will know us formerly doing business as GM Partshouse since 2006.  GM Parts House was the domain only during doing business through various GM dealerships"; Defendants were not doing business as GM Parts House; Culley and Trageser were employees of Patriot who conducted the business at GM Parts House, their use of the name GM Parts House is confusingly similar to the names owned by Patriot.

(c) Defendants state "Most of all our existing customers will know us as formerly doing business as GM Parts House since 2006, which was simply a domain name, doing business through various dealerships"; Defendants did not formerly do business as GM Parts House; Culley and Trageser were employees of Patriot which did business as GM Parts House.

(d) Defendants state "In the event you missed the announcement, GM Parts House is now Cultrag Performance and we are no longer conducting business as GM Parts House.  The domain www.gmpartshouse.com has been redirecting our customers to our new state of the art website at www.cultragfactoryparts.com.  There may be others trying to use the GM Parts House name, my likeness or derivative to attract customers online or in other selling venues."; Defendants' use of www.gmpartshouse.com is misleading and improper as is the use of the phrase "GM". The customers in question were not "our", i.e., Defendants' customers; they were the customers of Patriot; most important, GM Parts House is not now Cultrag Performance.

6

(e) Defendants state "As you may all know as of October 1 GM Parts House discontinued the affiliation with the dealer in which we were working from. We own the GMPH domain, however, GMPH was just a domain name and financials went through the dealers that we were affiliated with"; Culley and Trageser discontinued their employment with Patriot; GM Parts House did not discontinue its affiliation with Patriot; the GM Parts House is identified with Patriot because it has done and does business as GM Parts House.

31.    By Certified letter of December 23, 2014 (attached as Exhibit "A"), Patriot demanded that Defendants Cultrag and Culley cease this activity including all references to GMPartshouse, or otherwise use in their sales' literature, discontinue the use of website www.gmpartshouse.com and return Patriot's computers and software immediately.

32.    As of the date of this filing, it has received no response from the Defendants.

33.    Defendants have continued to use GMPartshouse Marks, continued to access Patriot's computers and have continued to use Patriot's Vonage equipment and the telephone number attached thereto.

## FIRST COUNT
### (Lanham Act Violation Against All Defendants. 15 U.S.C. § 1125 (a))

34.    Patriot repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 33 of this Complaint.

35.    Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1), provides:

(1)    Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(a)      is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(b)      in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

36.      The acts of the Defendants in operating, marketing, and promoting the Cultrag website with the GMPartshouse Marks, constitute:

(a)      a false designation of origin;

(b)      a false and misleading description of fact; and

(c)      a false and misleading representation of fact;

that caused and are likely to continue to cause confusion, or to cause mistake, or deception, as to the affiliation of the Defendants' Cultrag website with Patriot, and to cause confusion, or to cause mistake, or deception, to the effect that Patriot sponsors or approves of the retail sales and services that the Defendants provide through the Cultrag website, all in violation of Section 43(a)(1)(A) of the Lanham Act.

37.      Further, the acts of the Defendants operating, marketing and promoting the Cultrag website misrepresents Cultrag characteristics and qualities as being a successor to or affiliated with Patriot, all in violation of Section 43(a)(1)(B) of the Lanham Act.

38.      The Defendants' on-going acts of infringement in violation of Section 43(a) of the Lanham Act are malicious, fraudulent, willful, and deliberate.

39.     The Defendants' on-going acts of infringement in violation of Section 32, 43(a) of the Lanham Act have inflicted and continue to inflict irreparable harm on Patriot.

40.     Patriot has no adequate remedy at law.

41.     No previous injunctive relief has been awarded with respect to this matter in this case or any other case.

WHEREFORE, pursuant to 15 U.S.C. § 1115, 1117 and 1125(a), Patriot demands judgment against Cultrag Performance Inc., Eugene D. Culley and Patrick Trageser:

(a)     Preliminarily and permanently restraining and enjoining Cultrag Performance Inc., Eugene D. Culley and Patrick Trageser, their affiliates, subsidiaries, officers, agents, servants, employees, and attorneys, and all those who act in concert or participation with any or all of them, from operating, marketing, promoting, or selling retail GM Parts through and with GMPartshouse Marks using the GMPartshouse Marks in any fashion or using or referring to www.gmpartshouse.com; and

(b)     Granting compensatory damages, treble damages, attorneys' fees, prejudgment interest, costs of suit, and such other and further relief as this Court shall deem just and proper.

## SECOND COUNT
### (Lanham Action Violation Against All Defendants, 15 U.S.C. § 1114(1)(a))

42.     Patriot repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 41 of this Complaint.

43.     Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that "[a]ny person who shall, without the consent of the registrant — use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection

with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant . . . ."

44.   Defendants operate, market, and promote, and operate, market, and promote its Cultrag website through the unauthorized use of the GMPartshouse Marks, and such use caused, will cause, and is likely to continue to cause confusion or mistake among prospective or actual customers, including customers of Centers, in violation of Section 32 of the Lanham Act.

45.   The Defendants' on-going acts of infringement in violation of Sections 32 of the Lanham Act are malicious, fraudulent, willful, and deliberate.

46.   The Defendants' on-going acts of infringement in violation of Section 32 of the Lanham Act have inflicted and continue to inflict irreparable harm on Patriot.

47.   Patriot has no adequate remedy at law.

48.   No previous injunctive relief has been awarded with respect to this matter in this case or any other case.

WHEREFORE, pursuant to 15 U.S.C. §§ 1114, 116 and 117 Patriot demands judgment against Cultrag Performance Inc., Eugene D. Culley and Patrick Trageser:

(a)   Preliminarily and permanently restraining and enjoining Cultrag Performance Inc., Eugene D. Culley and Patrick Trageser, their affiliates, subsidiaries, officers, agents, servants, employees, and attorneys, and all those who act in concert or participation with any or all of them, from operating, marketing, promoting, or selling retail GM Parts through and with GMPartshouse Marks using the GMPartshouse Marks in any fashion or using or referring to www.gmpartshouse.com; and

(b)   Granting compensatory damages, treble damages, attorneys' fees, prejudgment interest, costs of suit, and such other and further relief as this Court shall deem just

and proper.

## THIRD COUNT
### (Lanham Act Violations Against All Defendants, 15 U.S.C. § 1125(c))

49.     Patriot repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 48 of this Complaint.

50.     The Defendants' use of the GMPartshouse Marks in connection with goods, products, and services on the Cultrag website, after the GMPartshouse Marks became famous, caused and/or will cause dilution and disparagement of the distinctive quality of the GMPartshouse Marks, and lessen and/or will continue to lessen the capacity of the GMPartshouse Marks to identify and distinguish the goods, products, and services of Patriot, including those offered at Centers, all in violation of Section 43(c) of the Lanham Act.

51.     The Defendants' on-going acts of infringement in violation of Section 43(c) of the Lanham Act were intended to trade on Patriot's reputation and cause dilution of the GMPartshouse Marks and are malicious, fraudulent, willful, and deliberate.

52.     The Defendants' on-going acts of infringement in violation of Sections 43(c) of the Lanham Act have inflicted and continue to inflict irreparable harm on Patriot.

53.     Patriot has no adequate remedy at law.

54.     No previous injunctive relief has been awarded with respect to this matter in this case or any other case.

WHEREFORE, pursuant to 15 U.S.C. §§ 1116, 1117 and 1125(c), Patriot demands judgment against Cultrag Performance Inc., Eugene D. Culley and Patrick Trageser:

(a)     Preliminarily and permanently restraining and enjoining Cultrag Performance Inc., Eugene D. Culley and Patrick Trageser, their affiliates, subsidiaries, officers, agents, servants, employees, and attorneys, and all those who act in concert or participation with

11

any or all of them, from operating, marketing, promoting, or selling retail GM Parts through and with GMPartshouse Marks using the GMPartshouse Marks in any fashion or using or referring to www.gmpartshouse.com; and

(b)   Granting compensatory damages, treble damages, attorneys' fees, prejudgment interest, costs of suit, and such other and further relief as this Court shall deem just and proper.

## FOURTH COUNT
### (Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) v. Culley)

55.   Patriot repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 54 of this Complaint.

56.   Defendant Culley has violated 15 USC 1125(d) in that Cultrag has demonstrated a bad faith intent to profit from the GMPartshouse Marks and has registered and used a domain name, namely gmpartshouse.com, that is identical or confusingly similar to those marks and/or dilutive of those marks.

57.   The Defendant's bad faith cyberpiracy entitles Patriot to an order of the court directing forfeiture and/or cancellation of the domain name gmpartshouse.com or the transfer of that domain name to Patriot

58.   The Defendant's on-going acts of infringement in violation of Sections 43(d) of the Lanham Act have inflicted and continue to inflict irreparable harm on Patriot.

59.   Patriot has no adequate remedy at law.

60.   No previous injunctive relief has been awarded with respect to this matter in this case or any other case.

WHEREFORE, pursuant to 15 U.S.C. §§ 1116, 1117 and 1125(d), Patriot demands judgment against Cultrag Performance Inc., Eugene D. Culley and Patrick Trageser:

(a)      Preliminarily and permanently restraining and enjoining Cultrag

Performance Inc., Eugene D. Culley and Patrick Trageser, their affiliates, subsidiaries, officers,

agents, servants, employees, and attorneys, and all those who act in concert or participation with

any or all of them, from operating, marketing, promoting, or selling retail GM Parts through and

with GMPartshouse Marks using the GMPartshouse Marks in any fashion or using or referring to

www.gmpartshouse.com; and

(b)      Granting compensatory damages, treble damages, attorneys' fees,

prejudgment interest, costs of suit, and such other and further relief as this Court shall deem just

and proper.

## FIFTH COUNT
### (Common Law Trademark)

61.      Patriot repeats and makes a part hereof each and every allegation set forth in

paragraphs 1 through 60 of this Complaint.

62.      The GMPartshouse Marks, an example of which is attached as Exhibit "B", has

been in use by Patriot since 2009.

63.      The GMPartshouse Marks are valid and is legally protectable.

64.      Patriot owns the GMPartshouse Marks.

65.      The Defendants' use of the GMPartshouse Marks are likely to create confusion

among consumers.

66.      Further, Defendants activities cause a lessening of the capacity of Patriot to

identify and distinguish its goods and services both blurring and tarnishing the GMPartshouse

Marks.

67.      The GMPartshouse Marks are both distinctive and famous in Pennsylvania.

68.      The Defendants have used and are using the GMPartshouse Marks after Patriot's

13

use of the mark had become famous.

WHEREFORE, Patriot demands judgment against Cultrag Performance Inc., Eugene D. Culley and Patrick Trageser

(a)     Preliminarily and permanently restraining and enjoining Cultrag Performance Inc., Eugene D. Culley and Patrick Trageser, their affiliates, subsidiaries, officers, agents, servants, employees, and attorneys, and all those who act in concert or participation with any or all of them, from operating, marketing, promoting, or selling retail GM Parts through and with GMPartshouse Marks, using the GMPartshouse Marks in any fashion or using or referring to gmpartshouse.com; and

(b)     Granting compensatory damages in excess of $150,000, attorneys' fees, disgorgement of profits, costs of suit, and such other and further relief as this Court shall deem just and proper.

## SIXTH COUNT
### (Computer Fraud and Abuse Act)

69.     Patriot repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 68 of this Complaint.

70.     Patriot's computers are "protected computers" under 18 U.S.C. 1030(e)(2)(B).

71.     By removing and/or using Patriot's computers without its consent, Defendants (a) knowingly and intended to defraud, and access computers without authorization; (b) intentionally accessed protected computers without authorization and as a result of such conduct recklessly caused damage; and (c) intentionally accessed a protected computer without authorization and as a result of such conduct causes damage and loss.

72.     Because of Defendants' conduct in the accessing of Patriot's protected computers, Patriot has suffered losses greater than $5,000 in value.

14

WHEREFORE, Patriot demands judgment against Cultrag Performance Inc., Eugene D. Culley and Patrick Trageser in excess of $150,000 together with costs of suit, interest and such other and further relief as this Court shall deem just and proper.

## SEVENTH COUNT
### (Conversion/Trespass to Chattels)

73.     Patriot repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 72 of this Complaint.

74.     Defendants acquired Patriot's computer and Patriot's Vonage telephone equipment to deprive Patriot the use of that property without Patriot's consent and without lawful justification.

75.     Defendants transferred the computer and telephone equipment to themselves for their own use in a manner which deprived Patriot of its control.

76.     Defendants have exercised control over the computer and telephone equipment.

77.     Defendants have used the computer and telephone equipment in defiance of Patriot's rights.

78.     Further, Defendants intentionally dispossessed Patriot not only of the computer and Vonage telephone equipment, but have used or intermeddled with the possession of the customer list and confidential information of Patriot.

WHEREFORE, Patriot demands judgment against Cultrag Performance Inc., Eugene D. Culley and Patrick Trageser in an amount in excess of $150,000 plus interest, costs, counsel fees and such other and further relief as this Court shall deem just and proper.

## EIGHTH COUNT
### (Tortious Interference with Actual and Prospective Contractual Relations)

79.     Patriot repeats and makes a part hereof each and every allegation set forth in

paragraphs 1 through 78 of this Complaint.

80.    During Culley's and Trageser's employment with Patriot, Patriot maintained contractual relationships with numerous third party relating to sales of GM parts.

81.    After Culley's and Trageser's departure as employees of Patriot, Patriot had prospective contractual relationships with these customers and new customers.

82.    Because of the purposeful actions of the Defendants as a foresaid, by directing inquiries to the website gmpartshouse.com directly to the website for Defendant Cultrag, these existing contractual relationships and prospective contractual relationships have not been prevented from occurring.

83.    Said actions by Defendants were specifically intended to harm the existing or prospective relationship between Patriot and the customer and have in fact prevented that relationship from occurring.

84.    Defendants were in no way privileged or had any justification for their actions.

85.    Patriot has suffered damages as a result of Defendants conducts.

WHEREFORE, Patriot demands judgment against Cultrag Performance Inc., Eugene D. Culley and Patrick Trageser in an amount in excess of $150,000 plus interest, costs, counsel fees and such other and further relief as this Court shall deem just and proper.

## NINTH COUNT
### (Breach of Contract against Culley and Trageser)

86.    Patriot repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 85 of this Complaint.

87.    As employees of Patriot, Culley and Trageser's agreed compensation with Patriot was based on internet sales that were generated through the website www.gmpartshouse.com.

88.    Culley and Trageser were to report all of their internet sales, and only internet

sales, and receive compensation based on those reported sales.

89.    Culley and Trageser breached their contract with Patriot by falsely reporting sales as internet sales which, in fact, were not internet sales.

90.    Because of this faulty and false reporting, Patriot paid Culley and Trageser compensation based upon sales that were not internet sales.

91.    Because of this breach in falsely reporting their sales, Patriot overpaid Culley and Trageser and has been damaged thereby.

WHEREFORE, Patriot demands judgment against Eugene D. Culley and Patrick Trageser in an amount in excess of $150,000 plus interest, costs, counsel fees and such other and further relief as this Court shall deem just and proper.

## TENTH COUNT
### (Unjust Enrichment against All Defendants)

92.    Patriot repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 91 of this Complaint.

93.    Defendants have received the following benefits from Patriot:

(a)    Customer list and customer information concerning Patriot's customers;

(b)    Salary from Patriot occasioned by the fact that Culley and Trageser falsely reported the amount of their internet sales;

(c)    Value and use of the Vonage telephone equipment;

(d)    Value and use of Patriot's computers.

94.    The acceptance and retention of the above benefits under these circumstances would be inequitable for the Defendants to retain them without the payment of value to Patriot.

WHEREFORE, Patriot demands judgment against Cultrag Performance Inc., Eugene D. Culley and Patrick Trageser in an amount in excess of $150,000 plus interest, costs, counsel fees

and such other and further relief as this Court shall deem just and proper.

## ELEVENTH COUNT
### (Intentional Tort v. Culley)

95.    Patriot repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 94 of this Complaint.

96.    As noted above, Defendant Culley vandalized Patriot's property by urinating over its goods and otherwise "trashed" Patriot's place of business.

97.    Such contact was intentional, malicious and outrageous.

98.    Patriot was harmed by such conduct both which necessitated repair of the premises in question, the cleaning up of the trashed area, and reduction in revenue.

WHEREFORE, Patriot demands judgment against Eugene D. Culley in an amount in excess of $150,000 plus punitive damages, interest, costs, counsel fees, and such other and further relief as this Court shall deem just and proper.

## TWELFTH COUNT
### (Unlawful Access to Stored Communications)

99.    Patriot repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 98 of this Complaint.

100.    While employees of Patriot, Defendants Culley and Trageser accessed the computer systems of Patriot.

101.    During their employment and thereafter, Culley and Trageser have exceeded the scope of their authorization for this equipment.

102.    They accessed equipment for obtaining electronic information and did so for the purpose of obtaining electronic communication on storage.

103.    They acquired this information, beyond their scope of their authorization for this

18

information, for the purpose of commercial advantage.

104.    Patriot has been damaged by unlawful access without authorization.

WHEREFORE, Patriot demands judgment against Eugene D. Culley in an amount in excess of $150,000 plus punitive damages, interest, costs, counsel fees, and such other and further relief as this Court shall deem just and proper.

## THIRTEENTH COUNT
### (Appropriation of Trade Secrets)

105.    Patriot repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 104 of this Complaint.

106.    Patriot's customer list and customer information are trade secrets.

107.    Under the Pennsylvania Uniform Trade Secrets Act, Defendants have acquired those trade secrets by improper means including but not limited to wrongfully taking Patriot's computer, telephone equipment, and documents.

108.    Said trade secrets were the subject of efforts that were reasonable under the circumstances to maintain their secrecy; they were either contained in computers which were the property of Patriot maintained within the confines of Patriot's business, or otherwise limited to usage within Patriot's business.

109.    By wrongfully removing the computers, telephone equipment and documents, Defendants' reckless indifference to the rights of Patriot raise a presumption that the Defendants are conscious of the consequences of their carelessness and/or deliberate activity.

110.    Patriot is without an adequate remedy at law.

111.    No previous injunctive relief has been awarded with respect to this matter in this case or in any other case.

WHEREFORE, pursuant to 12.Pa. C.S. §§5303-5305, Patriot demands judgment against Cultrag Performance Inc., Eugene D. Culley and Patrick Trageser:

(a)     Preliminarily and permanently restraining and enjoining Cultrag Performance Inc., Eugene D. Culley and Patrick Trageser, their affiliates, subsidiaries, officers, agents, servants, employees, and attorneys, and all those who acted in concert or participation with any or all of them, from using the trade secrets, including customer lists and identification of customer preferences with Patriot; and

(b)     Granting compensatory damages in excess of $150,000, exemplary damages, attorneys' fees, prejudgment interest, costs of suit, and such other and further relief as this Court shall deem just and proper.

### FOURTEENTH COUNT
#### (Unfair Competition – Passing Off)

112.    Patriot repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 111 of this Complaint.

113.    Defendants have stated on internet and otherwise that they were affiliated with and did business as GM Partshouse.

114.    Defendants did not formerly do business as GM Partshouse.

115.    The public is being confused or deceived into believing that the products and services they are purchasing are those of an entity that was formerly or in some way affiliated with the Plaintiff.

116.    Patriot has been damaged by this conduct, that is, unfair competition.

WHEREFORE, Patriot demands judgment against Cultrag Performance Inc., Eugene D. Culley and Patrick Trageser in an amount in excess of $150,000 plus interest, costs, counsel fees and such other and further relief as this Court shall deem just and proper.

20

## FIFTEENTH COUNT
### (Nuisance v. Culley)

117.    Patriot repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 116 of this Complaint.

118.    Culley's conduct, in urinating over Patriot's premises and otherwise trashing the premises, was an invasion of Patriot's interest in the private use and enjoyment of its premises.

119.    Culley's conduct was intentional and unreasonable.

120.    Patriot has been damaged thereby.

WHEREFORE, Patriot demands judgment against Eugene D. Culley in an amount in excess of $150,000 plus punitive damages, interest, costs, counsel fees, and such other and further relief as this Court shall deem just and proper.

## SIXTEENTH COUNT
### (Civil Conspiracy)

121.    Patriot repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 120 of this Complaint.

122.    Defendants entered into a civil conspiracy to unlawfully and unfairly compete with Patriot and deprive Patriot of the benefit of Plaintiff's goodwill and reputation and the benefits Patriot derives from GMPartshouse Marks.

123.    Defendants have by their conduct unlawfully traded on the goodwill and reputation of Plaintiff and its GMPartshouse trademarks and trade names, damaging Patriot by way of lost profits and damage to the goodwill and reputation to the Plaintiff, as well as infringement and dilution of Patriot's GMPartshouse Marks.

124.    Defendants are jointly and severally liable for damages incurred by Patriot in an amount which will be proven at trial and further liable for the costs Patriot incurs in the

21

prosecution of this action.

WHEREFORE, pursuant to 15 U.S.C. §§ 1114, 116 and 117 Patriot demands judgment against Cultrag Performance Inc., Eugene D. Culley and Patrick Trageser:

        (a)     Preliminarily and permanently restraining and enjoining Cultrag Performance Inc., Eugene D. Culley and Patrick Trageser, their affiliates, subsidiaries, officers, agents, servants, employees, and attorneys, and all those who act in concert or participation with any or all of them, from operating, marketing, promoting, or selling retail GM Parts through and with GMPartshouse Marks using the GMPartshouse Marks in any fashion or using or referring to www.gmpartshouse.com; and

        (b)     Granting compensatory damages, treble damages, attorneys' fees, prejudgment interest, costs of suit, and such other and further relief as this Court shall deem just and proper.

[SIGNATURES ON NEXT PAGE]

Steven Kapustin, Esquire
CHERNOW KAPUSTIN, LLC
721 Dresher Road, Suite 1100
Horsham, PA 19044
215-659-3600 (Voice)
215-659-3222 (Facsimile)
hchernow@chernowkap.com
skapustin@chernowkap.com

Martin P. Manco, Esquire
GOLDBERG, MEANIX, McCALLIN & MUTH
135 West Market Street
West Chester, PA 19382
(610) 436-6220 (x125)
(610) 436-0628 Facsimile
mmanco@gmmlaw.net

*Attorneys for Plaintiff,*
*Patriot Buick GMC, Inc.*

Date: _MARCH 30_, 2015

EXHIBIT "A"

**CHERNOW ■ ■ ■ KAPUSTIN LLC**
Attorneys at Law

Harris J. Chernow✳
Steven Kapustin^
Andrew B. Katz #~°
Michael J. McCaney†°
Jeffrey S. Chernow+°
Todd A. Goodman✳°
Joel P. Perilstein✳°

721 Dresher Road ~ Suite 1100
Horsham, Pennsylvania 19044

Telephone (215) 659-3600
Facsimile (215) 659-3222
www.chernowkap.com

✳Member PA & NJ Bar only
#Member PA & DC Bar only
+Member MD Bar only
^Member PA, NC & SC Bar only
†Member PA Bar only
°of Counsel
~Admitted to practice
before the U.S.P.T.O.

December 23, 2014

ext: 101

email: skapustin@chernowkap.com

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Mr. Eugene Culley
Cultrag Performance
3115 St. Lawrence Avenue - Suite 3918
Reading, PA 19606

Re:  **Patriot Buick GMC, Inc. v. Eugene Culley and Cultrag Performance**

Dear Mr. Culley:

Please be advised that I represent Patriot Buick GMC ("Patriot"), a franchisee of General Motors Corporation, ("GM").

Pursuant to Patriot's dealer sales and service agreement with GM, Patriot is granted a non-exclusive right to use GM's marks.  In addition, Patriot has been issued a federal trademark for GMPH ("the House").

My client has advised that you were formally an employee of Lankford Buick ("Lankford") in Conshohocken, PA where your duties included the operation of a website known as gmpartshouse.com.  Lankford sold parts through this website with the authority to use the GM mark in accordance with its dealer and service agreement.

My client acquired the assets of Lankford in September, 2009 and continued the use of gmpartshouse, in the same manner as Lankford did, employing you through Patriot. Patriot augmented and improved the website over the years, paying all employees relating to parts sales, providing you as an employee with equipment and computer access to support Patriot's sales effort, and employing support personnel through Patriot so that Patriot could sell additional GM Parts.

You left the employ of Patriot in October 2014 after desecrating the premises of Patriot and stealing a computer with GM's and Patriot's confidential information and methodology which you have continued to use.  Patriot has continued to operate as it had in the past using the trademark House, the name GM Partshouse, the website gmpartshouse1, and its confidential information.

NEW JERSEY OFFICE
216 Haddon Avenue ~ Suite 602
Westmont, NJ 08108
Tel: (856) 858-0100

SOUTH CAROLINA OFFICE
1500 Calhoun Street
Columbia, SC 29201
Tel: (803) 256-9664

MARYLAND OFFICE
2331 Old Court Road ~ Suite 413
Baltimore, MD 21208
Tel: (410) 363-7120

Mr. Eugene Culley
Cultrag Performance
December 23, 2014
Page 2

You have continued to operate the website at www.gmpartshouse.com, which directs customers to www.cultragfactoryparts.com causing violations of law including of the Lanham Act, 15 U.S.C. 1125 et seq., the Pennsylvania Trademark Act, and the common law of the State of Pennsylvania as follows:

1.  Your use of the website www.gmparts.com. Patriot is entitled to use GM; you are not. Patriot does business as GM Parts House, you never did; you were only an employee of Patriot. You were never GM Parts House or www.gmpartshouse.com.

2.  On your Cultrag website, you state that "The majority of our customers and friends know us as using the name GM Parts House as a d/b/a since 2006 through various GM dealerships until October 2014". Again, you did not use the name GM Parts House we did; you are not entitled to use the name. Patriot has the rights to the name.

3.  Further on your website you state "The majority of our existing customers will know us formerly doing business as GM Parts since 2006. GM Parts House was the domain only during doing business through various GM dealerships". Again, you were not doing business as GM Parts House; you were an employee of Patriot who conducted the business at GM Parts House, your use of the name GM Parts House is confusingly similar with our "House".

4.  On your website you state "Most of all our existing customers will know us as formerly doing business as GM Parts House since 2006, which was simply a domain name, doing business through various dealerships". Again, you did not formerly do business as GM Parts House; you were an employee of Patriot who did business as GM Parts House. See our comments in subparagraph above.

5.  You further stated on your website "In the event you missed the announcement, GM Parts House is now Cultrag Performance and we are no longer conducting business as GM Parts House. The domain www.gmpartshouse.com has been redirecting our customers to our new state of the art website at www.cultragfactoryparts.com. There may be others trying to use the GM Parts House name, my likeness or derivative to attract customers online or in other selling venues." Again, your use of www.gmpartshouse.com is misleading and improper as is the use of the phrase "GM". The customers in question were not "your" customers. They were the customers of Patriot. Most important, GM Parts House is not Cultrag Performance.

6.  Further at your website, you state "As you may all know as of October 1 GM Parts House discontinued the affiliation with the dealer in which we were working from". We own the GMPH domain, however, GMPH was just a domain name and financials went through the dealers that we were affiliated with". This is a misstatement. You discontinued your employment with Patriot. GM Parts House did not discontinue its affiliation with Patriot. The GM Parts House is identified with Patriot because it has done and does business as GM Parts House.

Mr. Eugene Culley
Cultrag Performance
December 23, 2014
Page 3

Lastly, we have noted that you have stolen our computer equipment and are using GM's programs and information and our confidential information. You are not authorized to do so. Such conduct violates the Computer Fraud Abuse Act, 18 U.S.C. 1030.

You are also liable for damages for the desecration of Patriot's property including but not limited to the damages caused by your urination over its property. Your conduct as noted above has caused a loss of business to Patriot in the amount of $30,000 per month and the damages are continuing.

You are hereby directed to cease this conduct immediately and to delete all references to GM Parts House in your website or otherwise in your sales literature, completely discontinue the use of the website www.gmpartshouse.com and return our computers and software immediately. In addition, demand is hereby made for damages that we have suffered, that is, $60,000 to date.

Be advised that the Lanham Act provides in certain circumstances for the payment of treble damages and counsel fees, and the Computer Fraud and Abuse Act provides criminal as well as civil sanctions.

Please contact me or have your lawyer contact me immediately to advise us that you are complying with our request. In the event that I am unavailable, contact Martin P. Manco, Esquire at (610) 436-6220 (x125).

Either Mr. Manco or I must hear from you or your counsel within ten days. Otherwise, we will take appropriate action, including but not limited to proceedings in the federal or state courts, where we will request injunctive relief, actual and punitive damages, and counsel fees. In addition, you will be exposed to possible criminal prosecution.

Very truly yours,

Steven Kapustin

SK/jo

cc:   Martin P. Manco, Esquire (via email only – mpmanco@email.msn.com)
      Jason Owens (via email only)

CHERNOW ■ ▮ ▮ ▮ KAPUSTIN LLC

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 1.19 |
| Certified Fee | 3.30 |
| Return Receipt Fee (Endorsement Required) | 2.70 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 7.19 |

Postmark
Here

Sent To Mr. Eugene Culley
Cultrag Performance
Street, Apt. No.; 3115 St. Lawrence Ave
or PO Box No. Suite 3918
City, State, ZIP+4 Reading PA 19606

7004 1160 0003 4587 0613

PS Form 3800, June 2002                    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Eugene Culley
Cultrag Performance
3115 St. Lawrence Ave
Suite 3918
Reading, PA 19606

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)  Patrick M Tregoser   C. Date of Delivery 12/30/14

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from servic  7004 1160 0003 4587 0613

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

EXHIBIT "B"

# PH GMPARTSHOUSE.COM™



**Questions?** Call: 484-949-2099
Email: customer.service@gmpartshouse.com

*Home of Vehicle Enhancement*

Part Number Search | Select Make ▼

Home | GM Parts | GM Accessories | Corvette Parts Lists | Downloads | Policies | FAQ | Links | Contact Us

## 2014 GM Parts Catalogs Update!

Good news! The site has been updated to include most 2014 GM models. Unfortunately for the Corvette Stingray owners, our website company is still developing the catalog for the new model. It is as important to us as it is to you and we will get it completed. Click on this message to be taken to the 2014 GM Parts Catalogs page.

2014 GM Parts Catalogs Update!

Like Us On Facebook! Follow Us On Twitter!

GM Parts House eBay Store!

GMPH Supercharged Camaro!

### Quick Select By Manufacturer

Select Manufacturer Select ▼ Select Model Select ▼ Select Year Select ▼   Go

## Browse by Manufacturer



Buick Parts | Accessories



Chevrolet Parts | Accessories



Cadillac Parts | Accessories




GMC Parts | Accessories



Oldsmobile Parts



Pontiac Parts | Accessories



Saturn Parts | Accessories



Hummer Parts | Accessories

## About Our Site

GM Parts House is a factory authorized GM Parts Dealer. We're in the GM OEM Parts and GM OEM Accessories Wholesale business and what that means to you is pretty simple. The more volume we do the better prices that are passed on down to the customer. We get all of our parts directly from GM Warehouses across the country and as long as it is still a valid GM Part, we can get it. We sell all Genuine GM Parts and Genuine GM Accessories for much less than your local dealer.

## Accessorize Today

Since we're in the wholesale parts business we also have the same great pricing on GM Accessories. All GM Accessories meet and exceed engineering's stringent requirements and are designed specifically for your vehicle. While we do our best to keep our accessory parts catalogs up to date, every available accessory is not listed here. If you don't see something listed you're looking for please contact us and we'll take care of you. Start shopping and accessorize today.

## Factory Saturn Parts

GM Parts House is now a GM authorized Genuine Saturn Parts and Genuine Saturn Accessories dealer. You can browse our online store by model and order online or you can call us @ 484-949-2099 to place your order by phone. There may be some slight delays as GM is in the process of transitioning these items to other GM warehouses across the country. The 12 month warranty we offer on all parts will apply to the Saturn franchise so shop with confidence.



Follow Us: 

Gene Culley is the Founder of GMPH © Copyright 2012. Powered by NuChon Technologies